Parker C. J.
It is too clear to require any discussion, that the proprietor of land over which a public highway has bedn laid, retains his right in the soil for all purposes which are consistent with the full enjoyment of the easement acquired by the public or by any corporation by authority derived constitution-all} from the legislature.
By the agreed statement of facts it appears, that the locus in quo is part of the Taunton and South Boston turnpike road, as established by act of the legislature, and that all the proceedings were had which were required by the general turnpike act, to vest the franchise in the corporation created by the St. 1806, c. 7. The right was given to appropriate the land of the plaintiff for the purposes mentioned in the act, and he having been indemnified for this use of his property, the corporation had a right to erect their gate across the locus in quo, and to demand toll at that gate. We think also, that they had a right to erect and maintain a toll-house at or near the gate, and within the four *112 rods laid out for the road. It was not contemplated nor requn ec* by the legislature, that the whole space should be left open for travellers, for it is specially provided that the travelling path shall not be less than twenty feet wide, leaving the rest of the space to be used for any purpose necessary to the suitable maintenance of the road. A house thereon for the residence of the toll-gatherer is certainly within the reasonable purposes and intent of the legislature, to prevent the delay to passengers which would occur if his dwellinghouse should be at a distance. No authority was given by the act to appropriate any land without. the exterior side lines of the road, so that if the proprietor of the adjoining land should refuse to sell a house-lot, or de mand an extravagant price for it, the company or the public might be put to great inconvenience. We think therefore a house for this purpose may lawfully be erected on the land laid out for the road, provided the road is not thereby so straitened as that the house becomes a public nuisance ; in which case a public prosecution would furnish the proper remedy. The ground taken by the plaintiff is founded upon a supposed limitation of the right of the corporation to use the surface of the land only for the purpose of travel ; but we do not understand their right to be so limited, but that they may make such use of the Iqnd below the surface as may be necessary to secure and maintain the proper enjoyment of their franchise ; thus, without doubt, posts may be sunk into the earth for the gate to swing upon ; and such digging of the soil is justifiable as may be necessary for drains to the road. And we are of opinion also, that a toll-house may be placed there, and that if convenient, this may be made so as to accommodate the toll-gatberer with a dwellinghouse ; and that all things necessary for this may be also lawfully done, such as the cutting down the trees, digging a cellar, well, &c. under the restriction before mentioned, that the public highway be not too much straitened. We understand that what are called pits in the declaration, are the excavations for the cellar and a well. It is not necessary to advert to the authorities cited by the plaintiff’s counsel, for they all, except one, go to establish the undeniable right in the soil in the owner of the land taken for a road, subject only to the easement taken for public use ; and it is necessary to the enjoy *113 meiit of this easement, that there should be a toll-house, and not inconsistent with the right of property in the plaintiff, that the toll-house should be so constructed as to admit of occupation by the family of the toll-gatherer. The case cited from 5 Gree.nleaf would be in point, if the building complained of were within the area of the road ; but that does not appear. On the contrary, the presumption is that it stood without the lines.

The plaintiff must be nonsuited.